IN THE UNITED STATES DISRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **WEIRTON HEALTH PARTNERS, LLC**<br><br>      **Plaintiff,**<br><br>vs.<br><br>**GABRIELLE YATES**<br><br>      **Defendant** | **CIVIL ACTION NO.: 5:09-CV-40** |

## ANSWER AND COUNTERCLAIM

NOW COMES, the Defendant, Gabrielle Yates., by and through her undersigned counsel, and for her Answer to the Complaint filed by the Plaintiff, Weirton Health Partners, LLC, states and avers as follows:

### ANSWER

### Preliminary Statement

Because of the nature and timing of the Complaint, in order to preserve important legal rights and protections, Defendant sets forth below certain defenses and affirmative defenses which, based upon the information set forth in the Complaint, she believes do or may apply to some or all of the claims raised therein. Defendant reserves the right to withdraw or modify some or all of the affirmative defenses set forth below, in whole or in part, depending upon the outcome of discovery.

### THE PARTIES

1.    The Defendant admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

    2.    The Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

    3.    Defendant denies the allegations contained in paragraph 3 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

    4.    Defendant denies the allegations contained in paragraph 4 of Plaintiff's Complaint.

    5.    Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

## FACTS

    6.    Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

    7.    Defendant is without information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Complaint.  Therefore, the same are denied.

    8.    Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

    9.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of Plaintiff's Complaint.  Therefore, the same are denied.

    10.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of Plaintiff's Complaint.  Therefore, the same are denied.

11. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of Plaintiff's Complaint. Therefore, the same are denied.

12. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of Plaintiff's Complaint. Therefore, the same are denied.

13. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of Plaintiff's Complaint. Therefore, the same are denied.

14. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of Plaintiff's Complaint. Therefore, the same are denied.

15. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of Plaintiff's Complaint. Therefore, the same are denied.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of Plaintiff's Complaint. Therefore, the same are denied.

18. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of Plaintiff's Complaint. Therefore, the same are denied.

19. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of Plaintiff's Complaint. Therefore, the same are denied.

20. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of Plaintiff's Complaint. Therefore, the same are denied.

21. Defendant admits contacting the daughter of the elderly female resident but denies reporting that her mother was being raped repeatedly by the elderly male resident, and demands strict proof of the same.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant admits contacting the daughter of the elderly female resident, but denies reporting that the elderly female resident was being raped or that the Plaintiff's administration knew of such and were doing nothing about it.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendant admits that officers from the local police department arrived at the Wyngate Senior Living Community on November 1, 2008; however, Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 26 of Plaintiff's Complaint; therefore, the same are denied.

27. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of Plaintiff's Complaint. Therefore, the same are denied.

28. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of Plaintiff's Complaint. Therefore, the same are denied.

29. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of Plaintiff's Complaint. Therefore, the same are denied.

30. Defendant admits that Plaintiff terminated her employment on November 1, 2008. Defendant denies that Plaintiff's reasons for terminating her employment were for failure to follow the chain of command.

31. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of Plaintiff's Complaint. Therefore, the same are denied.

32. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of Plaintiff's Complaint. Therefore, the same are denied.

33. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of Plaintiff's Complaint. Therefore, the same are denied.

G:\WPDATA\090144\001\AN01MGS.doc

34. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of Plaintiff's Complaint. Therefore, the same are denied.

35. Defendant denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43, and therefore, denies the same.

## COUNT 1
## DEFAMATION

44. Defendant incorporates herein by reference Paragraphs 1 through 43 of this Answer as if fully set forth herein.

45. Defendant denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations contained in paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

## COUNT II
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

51. Defendant incorporates herein by reference Paragraphs 1 through 50 of this Answer as if fully set forth herein.

52. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52 of Plaintiff's Complaint. Therefore, the same are denied.

53. Defendant denies the allegations contained in paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations contained in paragraph 54 of Plaintiff's Complaint.

## COUNT III
## FALSE LIGHT

55. Defendant incorporates herein by reference Paragraphs 1 through 54 of this Answer as if fully set forth herein.

56. Defendant denies the allegations contained in paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations contained in paragraph 57 of Plaintiff's Complaint.

58. Defendant denies the allegations contained in paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations contained in paragraph 59 of Plaintiff's Complaint.

## COUNT IV
## INTENTIONAL INTERFERENCE WITH
## PROSPECTIVE BUSINESS RELATIONSHIPS

60. Defendant incorporates herein by reference Paragraphs 1 through 59 of this Answer as if fully set forth herein.

61. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegations contained in paragraph 62 of Plaintiff's Complaint.

63. Defendant denies the allegations contained in paragraph 63 of Plaintiff's Complaint.

64. Defendant denies the allegations contained in paragraph 64 of Plaintiff's Complaint.

## COUNT V
## BREACH OF CONTRACT

65. Defendant incorporates herein by reference Paragraphs 1 through 64 of this Answer as if fully set forth herein.

66. Defendant is without information sufficient to form a belief as to the allegations contained in Paragraph 66 of Plaintiff's Complaint. Therefore, the same is denied.

67. Defendant is without information sufficient to form a belief as to the allegations contained in Paragraph 67 of Plaintiff's Complaint. Therefore, the same is denied.

68. Defendant denies the allegations contained in Paragraph 68 of Plaintiff Complaint.

## AFFIRMATIVE DEFENSES

Having fully answered and denied the allegations contained in Plaintiff's Complaint, the Defendant asserts the following affirmative defenses and further responses to Plaintiff's Complaint:

1. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

2. The Plaintiff's claims are barred by the statute of limitations.

3. To the extent that Plaintiff was damaged, which is expressly denied, Plaintiff's damages were caused by conduct of the Plaintiff and not the conduct of this Defendant.

4. To the extent that Plaintiff was damaged, which is expressly denied, Plaintiff's damages were caused by the conduct of third-parties and not the conduct of this Defendant.

5. Plaintiff has failed to join necessary and indispensable parties as required by the Federal Rules of Civil Procedure.

6. This Court lacks subject-matter jurisdiction over the Plaintiff's claims.

7. Plaintiff has failed to mitigate its damages.

8. At all times relevant herein the Defendant complied with all material terms of her employment agreement with the Plaintiff.

9. Defendant reserves her right to assert any and all affirmative defenses which may develop through discovery.

10. This Answering Defendant, Gabrielle Yates, sets forth all affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure, including, but not limited to, the affirmative defenses of contributory fault, comparative fault and assumption of the risk, as if all affirmative defenses indentified within the said Rule were set forth expressly herein as against the Plaintiff.

WHEREFORE, having fully answered the Plaintiff's Complaint, the Defendant, Gabrielle Yates, respectfully requests that the Plaintiff's Complaint be dismissed with prejudice, that she be awarded costs and other fees incurred in connection with answering this Complaint, and such other and further relief as this Honorable Court deems proper.

## **COUNTERCLAIM**

NOW COMES the Defendant, Gabrielle Yates, by and through the undersigned counsel, and for her Counterclaim against the Plaintiff, Weirton Health Partners, LLC ("WHP"), states and avers as follows:

1. Defendant hereby incorporates all Paragraphs of her Answer to Plaintiff's Complaint as if fully set forth herein.

2. On or about July 20, 2005 Gabrielle Yates began employment with WHP as a resident assistant at its facility in Weirton, West Virginia known as Wyngate Senior Living Community ("Wyngate").

3. Wyngate is an independent and assisted living facility which provides a wide array of services to its residents depending on the varying needs of each resident.

4. The residents and families of residents routinely rely upon Wyngate to provide for the health, safety, and well-being of their loved ones who utilize the services provided at Wyngate.

5. In or about June of 2008, during the course of her employment with WHP, Ms. Yates discovered the existence of a sexual relationship between a male resident and a female resident that was inflicted with Alzheimer's disease.

6. Upon learning of the sexual relationship, Ms. Yates notified her supervisors at Wyngate of the relationship and of her concerns that the female resident was incapable of consenting to a sexual relationship due to her condition.

7. Plaintiff was told by her supervisors at Wyngate to ignore the sexual relationship.

8. Concerned about the elderly resident's health and safety, Ms. Yates then contacted the female resident's family to notify them of the sexual relationship.

11

9. On November 1, 2008 WHP terminated Ms. Yates employment.

## COUNT I

10. WHP's motivation for discharging Plaintiff was to contravene substantial public policy principles including policies prohibiting the termination of at-will employees because such employee discovers and reports potentially criminal behavior occurring on the employer's premises with the employer's knowledge, policies prohibiting the termination of at-will employees because the employee discovers and reports the employer's failure to properly conduct itself in its fiduciary capacity, and policies prohibiting the termination of at-will employees because such employee may give testimony in relation to a legal action.

11. As a result of the Plaintiff's termination from employment in contravention of substantial public policies as set forth above, the Plaintiff has lost valuable employment rights; has suffered the loss of wages and other economic benefits in the past and will continue to suffer such losses in the future; and has suffered inconvenience, humiliation, emotional distress, and impairment of his personal reputation.

## COUNT II

12. Defendant hereby incorporates by reference the foregoing paragraphs of this Counterclaim as if fully set forth herein.

13. The above-described conduct of WHP was extreme and outrageous and constitutes the tort of outrage against Gabrielle Yates.

## PUNITIVE DAMAGES

14. Defendant hereby incorporates by reference the foregoing paragraphs of this Counterclaim as if fully set forth herein.

15. WHP's aforementioned acts were done intentionally, willfully, wantonly, maliciously, and/or recklessly with indifference to the law and public policy of the State of West Virginia, as well as the rights of Gabrielle Yates.

16. The intentional, willful, wanton, malicious, and/or reckless conduct of the Plaintiff, as aforesaid, entitles the Defendant to punitive damages sufficient to punish the Plaintiff for what they have done and to deter them and others from the same or similar conduct in the future.

17. The intentional, willful, wanton, malicious, and/or reckless conduct of the Plaintiff, as aforesaid, entitles the Defendant to back wages and benefits and future benefits.

WHEREFORE, the Defendant, Gabrielle Yates, respectfully demands judgment against the Plaintiff, Weirton Health Partners, for all damages allowed under applicable law, including compensatory and punitive damages, in an amount in excess of the jurisdictional limit of this court, together with pre-judgment and post-judgment interests and costs, attorneys fees and costs, and for such other relief both general and special as to the nature of the matter the Court deems meet and proper.

**DEFENDANT DEMANDS A TRIAL BY JURY**

GABRIELLE YATES, Plaintiff

By  /s/  Michael G. Simon
      Of Counsel

Steven M. Recht, Esq. (#5452)
RECHT LAW OFFICE
P. O. Box 841
Weirton, WV  26062
304-748-5850

13

G:\WPDATA\090144\001\AN01MGS.doc

Michael G. Simon, Esq. (#5551)
FRANKOVITCH, ANETAKIS, COLANTONIO & SIMON
337 Penco Road
Weirton, WV  26062
(304) 723-4400

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Martin J. Saunders, Esq.
>Craig W. Snethen, Esq.
>JACKSON LEWIS LLP
>One PPG Place, 28th Floor
>Pittsburgh, PA 15222

By  /s/  Michael G. Simon
 Of Counsel

Steven M. Recht, Esq. (#5452)
RECHT LAW OFFICE
P. O. Box 841
Weirton, WV  26062
304-748-5850

Michael G. Simon, Esq. (#5551)
FRANKOVITCH, ANETAKIS, COLANTONIO & SIMON
337 Penco Road
Weirton, WV  26062

14

15

(304) 723-4400