IN THE UNITED STATES DISRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| WEIRTON HEALTH PARTNERS, LLC<br><br>      Plaintiff,<br><br>vs.<br><br>GABRIELLE YATES<br><br>      Defendant | CIVIL ACTION NO.: 5:09-CV-40 |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

NOW COMES the Defendant, Gabrielle Yates, by and through the undersigned counsel, and hereby provides the following response in opposition to Plaintiff's Motion to Dismiss Defendant's Counterclaim.

**I.   INTRODUCTION**

This is an action for, *inter alia*, wrongful termination in contravention of substantial public policy. The Defendant, Gabrielle Yates, was employed by the Plaintiff, Weirton Health Partners, LLC as a resident assistant at Wyngate, an independent and assisted living facility located in Weirton, West Virginia. (Def. Countercl. at ¶ 2-3).

During the course of her employment, Gabrielle Yates discovered inappropriate sexual conduct between a male resident of the facility and a female resident of the facility that suffered from Alzheimer's disease. (Def. Countercl. at ¶ 5). More specifically, the man and woman were discovered in bed, the man with his pants removed and his penis exposed with sexual contact occurring. Due to the woman's condition and her obvious inability to consent to any sexual conduct, Ms. Yates reported the incidents to her supervisors at Wyngate. Def. Countercl. at ¶ 6).

1

The response from Ms. Yates supervisors was to simply ignore the situation. Def. Countercl. at ¶ 7). Unsatisfied with that response, Ms. Yates contacted the female resident's family to inform them of her discovery. Def. Countercl. at ¶ 8). On November 1, 2008, Ms. Yates' employment was terminated by Weirton Health Partners, LLC. (Def. Countercl. at ¶ 9.)

It is Ms. Yates contention that she was terminated because she (1) discovered and reported the criminal sexual conduct; (2) she reported her employer's failure to protect its resident; and (3) Weirton Health Partners, LLC feared that Ms. Yates would provide truthful testimony in a lawsuit by the female resident. (Def. Countercl. at ¶10).

Weirton Health Partners, LLC's motion to dismiss alleges that Ms. Yates has failed to identify the violation of a substantial public policy. Plaintiff's motion ignores the state's substantial policy against sexual crimes, abuse of assisted living facility residents, and attempts to besmirch the character of a witness that is expected to give truthful testimony in a legal action. As Ms. Yates' counterclaim clearly sets forth these substantial public policies, Plaintiff's motion is meritless and must be denied.

## II.     STANDARD OF REVIEW

When ruling on a motion to dismiss, the Court must take as true the allegations of Plaintiff's Complaint. *See Brock & Davis Co. v. Charleston Nat'l Bank*, 443 F.Supp. 1175 (S.D.W.Va. 1977). A motion to dismiss may only be granted when the allegations pled in the complaint clearly demonstrate beyond doubt that the plaintiff has no claim, and that no set of facts would support plaintiff's claim. *See Booth v. Old Nat'l Bank*, 900 F.Supp. 836 (N.D.W.Va. 1995). Dismissal is justified only when the allegations of the complaint itself clearly show that the plaintiff does not have a claim. *See Cromer v. Lounsbury Chiropractic Offices, Inc.*, 866

F.Supp. 960 (S.D.W.Va. 1994) (citing 5A Wright, Miller & Cooper, *Federal Practice & Procedure* § 1357 344-345 (2d ed. 1990)).

### III. ARGUMENT

#### A. Defendant Has Adequately Stated A Claim Against The Plaintiff For Wrongful Termination In Violation Of Substantial Public Policy.

Although an employer normally has the right to terminate an at-will employee at any time, an employer may not discharge an employee if the discharge is motivated by the employer's desire to contravene some substantial public policy. *See e.g. Kanagy v. Fiesta Salons*, 541 S.E.2d 616 (W.Va. 2000). "[E]mployees should not be discharged because they performed an act that public policy would encourage." *Id.* at 622 quoting *Wagner v. Globe*, 722 P.2d 250, 256 (Ariz. 1986). The Plaintiff has erroneously argued that the Defendant's counterclaim has failed to identify the contravention of any substantial public policy.

"No fixed rule can be given to determine what is public policy. It is sometimes defined as that principle of law under which freedom of contract or private dealings are restricted by law for the good of the community -- the public good." *Id*. at 620 *quoting Higgins v. McFarland*, 86 S.E.2d 168, 172 (Va. 1955). "To identify the sources of public policy for purposes of determining whether a retaliatory discharge has occurred, we look to established precepts in our constitution, legislative enactments, legislatively approved regulations, and judicial opinions." *Birthisel v. Tri-Cities Health Servs. Corp*., 188 W. Va. 371, 377 (W. Va. 1992). "Inherent in the term 'substantial public policy' is the concept that the policy will provide specific guidance to a reasonable person." Syl. Pt. 3, *Tudor v. Charleston Area Med. Ctr., Inc*., 203 W. Va. 111 (W. Va. 1997) *quoting* Syl. Pt. 3, *Birthisel v. Tri-Cities Health Servs. Corp.*.

Defendant's counterclaim alleges that Defendant was terminated from her employment with the Plaintiff for discovering and reporting the sexual assault of a female resident living at

3

Wyngate. Ms. Yates further alleges that Plaintiff acted in contravention of substantial public policy in terminating the Defendant as a result of the Defendant's discovery and reporting of Plaintiff's failure to properly conduct itself in its fiduciary capacity. Finally, Ms. Yates' counterclaim alleges that the Plaintiff acted in contravention of substantial public policy in terminating her employment because she may give truthful testimony relating to a legal action.

While the counterclaim does not specifically identify statutes and regulations that support the above listed violations of substantial public policy, one does not have to look far to determine their existence. "It is the policy of this state to encourage and promote the development and utilization of resources to ensure the effective care and treatment of persons who are dependent upon the services of others by reason of physical or mental impairment." W.Va. Code § 16-5D-1. "[I]t is the policy of this state to encourage, promote and require the maintenance of assisted living facilities so as to ensure protection of the rights and dignity of those using the services of assisted living facilities." *Id.* It is a felony to engage in sexual intrusion with a person that is unable to consent. *See* W.Va. Code § 61-8B-4. Likewise, it is a misdemeanor to engage in sexual conduct with any person who is unable to consent. *See* W.Va. Code § 61-8B-8. Moreover, W.Va. Code § 16-5D-8 prohibits an assisted living facility from terminating an employee for participating in an investigation into state laws and rules.

Pursuant to W.Va. Code § 16-5D-5(b), the Secretary of the State Department of Health and Human Resources has promulgated legislative rules "establishing minimum standards of operation of assisted living residences." These rules provide "specific standards and procedures to provide for the health, safety, and the protection of the rights and dignity of residents of assisted living facilities." W.Va. C.S.R. § 64-14-1.1. These legislative rules enacted pursuant to

statutory authority carry the force of law. See e.g. Appalachian Power Company v. State Tax Department of West Virginia, 195 W.Va. 753, 466 S.E.2d 424 (1995).

The West Virginia Supreme Court has held that the regulations contained in the West Virginia Code of State Regulations § 64-12-1 *et seq.* governing hospitals set forth substantial public policy. *See Tudor v. Charleston Area Med. Ctr., Inc. at* 124. Similarly, the legislatively approved regulations aimed at protecting the health and safety of assisted living residents set forth substantial public policy. Under these regulations, assisted living facilities are required to ensure that no resident is abused, exploited, or mistreated. *See* W.Va. C.S.R. § 64-14-6. Assisted living facilities are further required to report any abuse to the Department of Health and Human Resources within 48 hours of learning of the abuse. *Id*. Assisted living facilities are required to thoroughly investigate all allegations of abuse and to take measures to ensure that further abuse does not take place. *Id*. Plaintiff fulfilled none of these obligations. Plaintiff did not ensure that its residents were free from abuse, did not notify the local protective agencies upon learning of the abuse, did not thoroughly investigate and document the abuse, and did not take any precautions to prevent further abuse from occurring. As alleged in her counterclaim, Ms. Yates brought these facts to light, and was terminated because of it.

Plaintiff incorrectly argues that since there was no pending litigation at the time of Ms. Yates termination, that they could not have violated the substantial public policy against terminating an employee for providing truthful testimony in a legal proceeding. Plaintiff has misread this Court's prior decisions, as the substantial public policy regarding truth testimony also encompasses truthful testimony that the employee may give. *See Page v. Columbia Natural Resources,* 480 S.E.2d 817 (W.Va. 1996). At the time of Ms. Yates termination, it is very likely that Plaintiff knew that it was at substantial risk of becoming involved in litigation with the

abused female resident.[1] Given Ms. Yates knowledge and actions, Plaintiff further knew that Ms. Yates' testimony would be very detrimental to the defense of the case. As a result, Plaintiff terminated Ms. Yates' employment, with the intent that Plaintiff would later be able to discredit Ms. Yates' later testimony through the suggestion that Ms. Yates was terminated by Plaintiff and thus not a credible witness.

### B. Plainitiff Should Be Allowed To Amend Her Counterclaim To Cure Any Pleading Deficiencies.

If the Court finds that Plaintiff has failed to adequately state a claim for wrongful termination in violation of substantial public policy, the Defendant requests that the Court allow Defendant to amend its Complaint to cure any deficiencies. Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading with leave of court and that leave should be freely given when justice so requires. Defendant submits that in the event that the Court is inclined to grant Plaintiff's motion to dismiss, justice requires that she be afforded the opportunity to cure any pleading defects through the filing of an amended complaint.

### IV. CONCLUSION

As set forth above, Defendant's counterclaim has clearly stated a claim for wrongful termination in contravention of substantial public policies supported by statute, rule, and case law. As a result, Plaintiff's motion to dismiss must be denied. In the alternative, Defendant respectfully requests that the Court allow the Defendant to amend her counterclaim to cure any perceived deficiencies.

WHEREFORE, the Defendant respectfully requests that this Court deny the Plaintiff's motion and allow this matter to proceed and for such further relief as the Court deems appropriate.

---

[1] An action against Weirton Health Partners, LLC by the female resident is currently pending.

6

GABRIELLE YATES, Defendant

By /s/ Michael G. Simon
      Of Counsel

Steven M. Recht, Esq. (#5452)
RECHT LAW OFFICE
P. O. Box 841
Weirton, WV 26062
304-748-5850

Michael G. Simon, Esq. (#5551)
FRANKOVITCH, ANETAKIS, COLANTONIO & SIMON
337 Penco Road
Weirton, WV 26062
(304) 723-4400

## CERTIFICATE OF SERVICE

Service of the foregoing *Response In Opposition to Plaintiff's Motion To Dismiss Defendant's Counterclaim* was had upon all parties by filing the same with the Court's CM/ECF system this 12th day of August, 2009.

By /s/ Michael G. Simon
      Of Counsel

Steven M. Recht, Esq. (#5452)
RECHT LAW OFFICE
P. O. Box 841
Weirton, WV 26062
304-748-5850

Michael G. Simon, Esq. (#5551)
FRANKOVITCH, ANETAKIS, COLANTONIO & SIMON
337 Penco Road
Weirton, WV 26062
(304) 723-4400