UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF WEST VIRGINIA

WEIRTON HEALTH PARTNERS, LLC

CASE NO. 5:09-CV-40

V.

GABRIELLE YATES

### CERTIFICATE OF SERVICE

Service of the foregoing *MOTION TO QUASH SUBPOENA* and *BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA* upon each of the following by one or more of the following methods: mailing a true copy thereof by United States mail, postage prepaid or electronic notification through the Court's CM/ECF system, this 1st day of March, 2010, to the following:

Avrum Levicoff, Esq.
LEVICOFF, SILKO & DEEMER, P.C.
Centre City Tower
Suite 1900
650 Smithfield Street
Pittsburgh, PA 15222

Steven M. Rect, Esq.
RECHT LAW OFFICES
P.O. Box 841
Weirton, WV 26062

Michael Simon, Esq.
FRANKOVITCH, ANETAKIS, COLANTONIO & SIMON
337 Penco Road
Weirton, WV 26062

Respectfully submitted,

Ellen Hughes, Petitioner,
by counsel

BY: _____
CHRISTOPHER J. WALLACE (7807)
(Counsel for Petitioner)
HINERMAN & ASSOCIATES, PLLC
P.O. Box 2465
Weirton, WV 26062
(304) 723-7201

LAW OFFICES
HINERMAN &
ASSOC., PLLC
WEIRTON, WV

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF WEST VIRGINIA

WEIRTON HEALTH PARTNERS, LLC

      CASE NO. 5:09-CV-40

    **Plaintiffs,**

    V.

GABRIELLE YATES,

    **Defendant.**

## MOTION TO QUASH SUBPOENA

    NOW comes Christopher J. Wallace, an attorney practicing in the State of West Virginia in the offices of Hinerman & Associates, PLLC of Weirton, West Virginia, and hereby files the instant Motion to Quash a civil subpoena filed in the above referenced claim. For his Motion Attorney Wallace states as follows:

    1. Attorney Christopher J. Wallace (hereafter Wallace) was retained by Ellen Hughes, Attorney in Fact for Eula Stoll. Hughes retained Wallace to investigate allegations of improper conduct between her mother and a fellow resident of the Wyngate Senior Living Center (hereafter Wyngate). The Wyngate Senior Living Center is operated by the Plaintiff Weirton Health Partners, LLC (hereafter Weirton Health).

    2. While in the course of his investigation Wallace learned the identity of the Wyngate resident alleged to have had

improper contact with Eula Stoll. That individual's name is Robert Degenkolb (hereafter Degenkolb).

3. In anticipation of and preparation for future litigation, Wallace determined that it would be helpful to his trial preparation if a statement could be obtained from Degenkolb.

4. On October 23, 2009, Wallace sent Degenkolb a letter (attached hereto as Exhibit A). That letter indicated that Wallace represented the family of Eula Stoll and that allegations were being made of improper contact between Degenkolb and Stoll. That letter also advised Degenkolb that if he had an attorney representing him that letter should be forwarded to the attorney.

5. Within days of the letter Degenkolb contacted Wallace by telephone. A conversation was had between Wallace and Degenkolb. Wallace had Degenkolb on speaker phone and recorded the conversation. Degenkolb had Wallace on speaker phone for the vast majority of the conversation. It is unknown if Degenkolb had anyone else listening to the conversation.

6. Counsel for the Plaintiff contacted Wallace by E-mail on February 5, 2010 and inquired as to whether Wallace had spoken to Degenkolb on the telephone. Counsel for the Plaintiff also wanted to know whether a statement had been taken from Degenkolb and if it was either written, transcribed or recorded

in any way. On that same day Wallace informed counsel for the Plaintiff that the conversation with Degenkolb had been recorded and had been transcribed.

7. On February 8, 2010, counsel for the Plaintiff afain contacted Wallace by E-mail and requested a copy of the transcription of the telephone conversation between Wallace and Degenkolb. On that same day Wallace refused to produce the statement and claimed that it was his work product. That same E-mail from Wallace indicated that the information contained in the statement was readily available to Plaintiff's counsel by speaking directly with Degenkolb, who remains a resident of Plaintiff's assisted living facility.

8. In a February 11, 2010 E-mail counsel for the Plaintiff again requested the statement and indicated that a subpoena would be issued if the statement was not voluntarily provided. Wallace responded by E-mail dated February 18, 2010 and indicated that the statement would not be provided as it was work product. Reference was made in that E-mail to the West Virginia Supreme Court of Appeals case, *State ex rel. Chaparro v. Wilkes*, 190 W.Va. 395, 438 S.E.2d 575 (1993).

9. Counsel for the Plaintiff did not provide any authority contrary to the *Chaparro* decision and served a subpoena (Exhibit B) via regular mail upon Wallace. Wallace

voluntarily consented to being served via regular mail.  Service upon Wallace was completed on February 25, 2010.

    10.   The subpoena seeks:

> "a complete and legible copy of all documents or tangible things including but not limited to any and all documents recording, recordings, tapes and/or other evidence that reflects a recording of oral communications of Robert Degenkolb".

The subpoena, again received on February 25th, gave Wallace until February 24, 2010 to respond.  In other words the subpoena demanded the information to be provided the day before the subpoena was served.

    11.   It is Wallace's position that the statement recorded is attorney work product and as such Civ. R. 26(b)(3) is protected from disclosure given that all this information is readily available to the Plaintiff by interviewing Degenkolb, who is a resident of its own facility.

    12.   It is the position of Wallace that the statement taken contains both factual and opinion work product.  The factual element of the work product is apparent.  The opinion work product takes shape in the form of the questions asked of Degenkolb.  Said questions clearly give an impression of what Wallace's strategy and potential areas of allegations against other parties may be.

    WHEREFORE, Attorney Christopher J. Wallace hereby respectfully requests that this Honorable Court quash the

LAW OFFICES
HINERMAN &
ASSOC., PLLC
WEIRTON, WV

subpoena seeking all of the materials related to the statement of Degenkolb. This statement is protected as trial preparation material. Further, there has been no showing that a simple interview with Degenkolb would not reveal the identical information. Further, Attorney Wallace asks that his attorney's fees be awarded to him. Attorney Wallace has taken valuable time in responding to two separate subpoenas filed in two separate Courts regarding this issue. Attorney's fees shall be sought in each and are warranted.

Respectfully submitted,

BY: _____
CHRISTOPHER J. WALLACE (7807)
(Counsel for Petitioner)
HINERMAN & ASSOCIATES, PLLC
P.O. Box 2465
Weirton, WV  26062
(304) 723-7201

LAW OFFICES
HINERMAN &
ASSOC., PLLC
WEIRTON, WV

# HINERMAN & ASSOCIATES, PLLC
## LAW OFFICE
P. O. Box 2465
Weirton, WV 26062

RAYMOND A. HINERMAN, ESQ. *
CHRISTOPHER J. WALLACE, ESQ. *
MICHAEL A. ADAMS, ESQ. *

* LICENSED IN WV, OH

Telephone: (304) 723-7201
Facsimile: (304) 723-7203

October 23, 2009

Mr. Robert Degenkolb
c/o Wyngate Senior Living Community
100 Wyngate Drive
Weirton, WV  26062

Re:  Eula Stoll

Dear Mr. Degenkolb:

The undersigned is an attorney who represents the family of Eula Stoll.  As I am sure you are aware, allegations are being made that there was improper contact between you and her.

I would like to get your side of things and would appreciate the opportunity to talk with you.  Please contact me at your next convenience.  If you have an attorney, please have your attorney contact me.

I hope to hear from you shortly.

Very truly yours,

CHRISTOPHER J. WALLACE

CJW/taz

EXHIBIT " A "

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | WEST VIRGINIA |
|---|---|---|

| Weirton Health Partners, LLC | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| Gabrielle Yates | Case Number:[1] 5:09-CV-40 |

TO: Christopher Wallace
Hinerman & Associates, PLLC
3203 Pennsylvania Ave.
Weirton, WV 26062-3852

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

A complete and legible copy of all documents or tangible things including but not limited to any and all documents recording, recordings, tapes and/or other evidence that reflects a recording of oral communications of Robert Degenkolb.

| PLACE | DATE AND TIME |
|---|---|
| Levicoff, Silko & Deemer, P.C., Centre City Tower, Suite 1900, 650 Smithfield Street, Pittsburgh, PA 15222 | 2/24/2010 1:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature], Attorney for Plaintiff | 2/23/2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Avrum Levicoff, Esq., Levicoff, Silko & Deemer, P.C., Centre City Tower, Suite 1900, 650 Smithfield Street, Pittsburgh, PA 15222 (412) 434-5200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT B**

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF WEST VIRGINIA

**WEIRTON HEALTH PARTNERS, LLC**

                                                                CASE NO. 5:09-CV-40

V.

**GABRIELLE YATES**

### BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA

#### I.     INTRODUCTION

The Plaintiff Weirton Health Partners, LLC (hereafter Weirton Health) seeks the production of a recorded statement and "all documents or tangible things including but not limited to any and all documents recording, recordings, tapes and/or other evidence" relating to a statement of Robert Degenkolb. This statement was taken by Attorney Wallace in preparation of a lawsuit he intends to file on behalf of Ellen Hughes, Attorney in Fact for her mother Eula Stoll. The focus of Ms. Hughes' lawsuit is improper contact between her mother and another resident Robert Degenkolb (hereafter Degenkolb) a fellow resident at an assisted living facility run by Weirton Health.

#### II.     FACTS

As set forth in the Motion, a telephone conversation between Attorney Wallace and Degenkolb was recorded. The tape recording was then transcribed. The purpose of this recording was to assist Attorney Wallace in his trial preparation

regarding the potential lawsuit against Degenkolb and Weirton Health as well as other potential defendants.

Thereafter, counsel for the Plaintiff assumed or became aware that the statement was recorded. Contact was made with Wallace and counsel for the Plaintiff. At that time Wallace stated that the telephone conversation had been recorded and transcribed. Counsel for the Plaintiff requested the statement and Attorney Wallace refused citing trial preparation materials and attorney work product.

Thereafter, the subpoena attached to Wallace's Motion was served upon Wallace seeking the discovery of not only the transcription of the statement but:

> "a complete and legible copy of all documents or tangible things including but not limited to any and all documents recording, recordings, tapes and/or other evidence that reflects a recording of oral communications of Robert Degenkolb".

After receiving the subpoena in this case and also a subpoena in another employment case (pending in the Circuit Court of Brooke County) the instant Motion to Quash was filed. As the law is clear that the materials being requested are work product and that no factual issue has been raised that the information cannot be obtained from any other source, Wallace seeks that the subpoenas be quashed and that his fees be paid.

### III. <u>LAW AND ARGUMENT</u>

The concept of the attorney work product is deeply imbedded in both the West Virginia and Federal Common Law. The work product doctrine was first articulated in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385 (1947). The work product doctrine creates a form of qualified immunity from discovery, but does not label protected material as "privileged" unless outside the scope of discovery under Civil Rule 26(b)(1). It is well established that the work product doctrine is to be strictly construed and the burden of establishing the work product exception always rests upon the party asserting it. *State ex rel. United Hosp. Center, Inc. v. Bedell,* 199 W.Va. 316, 44 S.E.2d 199 (1997).

To determine whether a document or other tangible thing is prepared in anticipation of litigation and is therefore, protected from disclosure under the work product doctrine, the primary motivating purpose behind the creation of the document must have been to assist in pending or probable future litigation. *Id.* at Syl. Pt. 7.

In the instant matter there can be no question that the statement was taken to assist in pending or probable future litigation. Not only was it the "primary" motivating purpose behind the taking of the statement, it was the sole motivating purpose.

LAW OFFICES
HINERMAN &
ASSOC., PLLC
WEIRTON, WV

Further, the West Virginia Supreme Court of Appeals has directly and stated statements taken in circumstances such as this are specifically protected pursuant to the work product doctrine. In *State ex rel. Chapparo v. Wilkes,* 190 W.Va. 395, 438 S.E.2d 575 (1993) the Court stated in Syllabus Pt. 5 that "Statements taken from witnesses during an investigation in anticipation of litigation are protected and are not to be provided in the absence of a required showing under Rule 26(b)(3) of the West Virginia Rules of Civil Procedure...."

The exceptions that the *Chapparo* Court speaks of are clearly and fully set forth in the body of Rule 26(b)(3). They state that trial preparation materials are to be produced:

> "... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means".

In the instant matter no such exceptions exist. As noted in Wallace's Motion to Quash, Robert Degenkolb is a current resident of the Wyngate Senior Living Community which is owned and operated by the Plaintiff Weirton Health. Degenkolb is available for statement at their leisure. It is assumed, though not known, that the Plaintiff has already spoken to Degenkolb regarding this incident. There has certainly been no indication the Defendants are unable to reach Degenkolb or that he is

LAW OFFICES
HINERMAN &
ASSOC., PLLC
WEIRTON, WV

somehow unavailable. There is simply no basis for ordering Wallace to produce the statement taken in anticipation of litigation.

Further, the questioning of Degenkolb and the notes of Wallace reveal Wallace's thoughts about liability and claims against not only Degenkolb but against Weirton Health. As such, the statement and accompanying materials are not only factual work product but opinion work product as well. The common law and the West Virginia Rules of Civil Procedure make a distinction between factual and opinion work product with regard to level of necessity that has to be shown to obtain the discovery. Syl. Pt. 7, *In re Markle*, 174 W.Va. 550, 328 S.E.2d 157 (1984). To obtain opinion work product a heightened need and arguably a compelling need must be presented. As Weirton Health cannot even reach the level of necessity to obtain the statement under the standards of factual, it is clear that it cannot reach the level of need to compel the production of opinion work product.

### III. REQUEST FOR ATTORNEY'S FEES

It is black letter law that one party cannot obtain a statement from another party taken in anticipation of litigation without demonstrating the "substantial need" set forth in Civil Rule 26. Despite this and even a citation to the *Chapparo* case

in E-mail communication, Weirton Health insisted in attempting to subpoena the statement.

In doing so it has forced Wallace to expend time, effort and expense to quash the subpoena and protect his work product. This is not a dispute over a potentially protected document. It is an undisputedly protected document. As such, a severe sanction should be awarded. As Wallace is not a party to these proceedings the only relief available to him is a reimbursement of his time in the form of attorney's fees.

For these reasons at the final hearing or disposition of this matter Attorney Wallace will ask that his time be compensated at a rate of $200.00 per hour. Upon disposition an itemization of Attorney Wallace's time will be presented to the Court.

WHEREFORE, Attorney Christopher J. Wallace hereby respectfully requests that this Honorable Court quash the subpoena. The subpoena seeks obvious work product in the form of a statement taken in anticipation of litigation. There is absolutely no showing that the Plaintiff could not obtain this information in taking a statement from Degenkolb, a resident under their control and twenty-four hour supervision.

                    Respectfully submitted,

                    Ellen Hughes, Petitioner,
                    by counsel

BY:       _____
            CHRISTOPHER J. WALLACE (7807)
            (Counsel for Petitioner)
            HINERMAN & ASSOCIATES, PLLC
            P.O. Box 2465
            Weirton, WV  26062
            (304) 723-7201